```
                          United States Bankruptcy Court
                           Eastern District of California

In re:                                                   Case No. 17-20504-D
Rae Ann Bower                                            Chapter 7
        Debtor
                            CERTIFICATE OF NOTICE
District/off: 0972-2      User: jflf              Page 1 of 1         Date Rcvd: May 02, 2017
                          Form ID: 318            Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 04, 2017.
db           +Rae Ann Bower,    235 Earl Avenue,    Roseville, CA 95678-3215
aty          +Brian L. Coggins,    9001 Foothills Blvd Suite 110,    Roseville, CA 95747-5150
cr           +PRA Receivables Management, LLC,    Synchrony Bank,    PO Box 41021,    Norfolk, VA 23541-1021
22024919     +Cash Club,    6661 Stanford Ranch,    Rocklin CA 95677-2683
22024922      Franchise Tax Board,    Bankruptcy Section,    MS A-,    P O Box,    Sacramento CA 95812-2952
22024924     +Hunt Henriques,    151 Bernal Rd Suite 8,    San Jose CA 95119-1491
22024925     +Kaiser Permanente,    File 50016,    Los Angeles CA 90074-0001
22024927     +NetSpend,    PO Box 2136,    Austin TX 78768-2136
22024928     +RC Willey,    PO Box 410429,    Salt Lake City UT 84141-0429
22024929     +Southwestern Pacific Specialty Financ,    7887 Lichen Drive,    Citrus Heights CA 95621-1074
22024932     +USCB America,    PO Box 74929,    Los Angeles CA 90004-0929

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty          +E-mail/Text: tidewaterlegalebn@twcs.com May 03 2017 02:18:18    Stacey L. Jones,
               PO Box 13306,    Chesapeake, VA 23325-0306
tr            EDI: BDMWHATLEY.COM May 03 2017 01:58:00    Douglas M. Whatley,    PO Box 538,
               Folsom, CA 95763-0538
smg           EDI: EDD.COM May 03 2017 01:58:00    Employment Development Department,
               Bankruptcy Group, MIC 92E,    PO Box 826880,    Sacramento, CA 94280-0001
smg           EDI: CALTAX.COM May 03 2017 02:03:00    Franchise Tax Board,    PO Box 2952,
               Sacramento, CA 95812-2952
cr            E-mail/Text: tidewaterlegalebn@twcs.com May 03 2017 02:18:18    Tidewater Finance Company,
               c/o Stacey L. Jones,    PO Box 13306,    Chesapeake, VA 23325
22024920     +EDI: CHASE.COM May 03 2017 02:03:00    Chase,    P O Box 15298,    Wilmington DE 19850-5298
22024921     +EDI: RCSFNBMARIN.COM May 03 2017 01:58:00    Credit One Bank,    PO Box 98873,
               Las Vegas NV 89193-8873
22024923     +E-mail/Text: bankruptcy@golden1.com May 03 2017 02:19:22    Golden 1 Credit Union,
               Attn Bankruptcy Department,    P O Box 15966,    Sacramento CA 95852-0966
22024926     +EDI: RESURGENT.COM May 03 2017 02:03:00    LVNV Funding,    PO Box 10497,
               Greenville SC 29603-0497
22024931      E-mail/Text: tidewaterlegalebn@twcs.com May 03 2017 02:18:17    Tidewater Credit Services,
               6520 Indian River Road,    Virginia Beach VA 23464
22025820      E-mail/Text: tidewaterlegalebn@twcs.com May 03 2017 02:18:17    Tidewater Finance Company,
               PO Box 13306,    Chesapeake, VA 23325
22024930     +EDI: WTRRNBANK.COM May 03 2017 01:58:00    Target National Bank,    Attn Bankruptcy Dept,
               P O Box 673,    Minneapolis MN 55440-0673
                                                                                              TOTAL: 12

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 04, 2017                                       Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 2, 2017 at the address(es) listed below:
NONE.                                                                                         TOTAL: 0
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Rae Ann Bower** | Social Security number or ITIN | **xxx–xx–1308** |
| | First Name  Middle Name  Last Name | EIN | _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of California** | | | |
| Case number: **17–20504** | | | |

# Order of Discharge                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Rae Ann Bower
fka Rae Ann Shaw , fka Rae Ann Sturdivant
235 Earl Avenue
Roseville, CA 95678

Dated:                                              For the Court,
5/2/17                                              Wayne Blackwelder , Clerk

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**